# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 19, 2007

128034 (59)

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

SANDY SEAN HOLT, JR.,
       Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128034
COA: 250580
Muskegon CC: 02-047915-FC

On order of the Court, the motion to supplement the record is GRANTED.

CORRIGAN, J., concurs and states as follows:

I concur in the order granting the prosecution's motion to supplement the record. I write separately to explain the reasons for granting the motion.

This Court ordered oral argument on the application for leave to appeal to consider whether there was a violation of the 180-day rule, MCL 780.131, in this case in light of *People v Williams*, 475 Mich 245 (2006), and whether the time limitation set forth in MCL 780.131 is subject to waiver or extension. 477 Mich 860 (2006). The prosecution then moved to supplement the record to show that it did not receive written notice of defendant's imprisonment by certified mail from the Department of Corrections, as required by MCL 780.131(1). Defendant argues that the motion should be denied because the prosecution waived the notice issue when it conceded in the trial court that it received notice of defendant's incarceration from the district court on August 28, 2002. I disagree.

While this case was in the lower courts, MCR 6.004(D) provided in relevant part:

(D) Untried Charges Against State Prisoner.

    (1) *The 180-Day Rule.* Except for crimes exempted by MCL 780.131(2); MSA 28.969(1)(2), the prosecutor must make a good faith

effort to bring a criminal charge to trial within 180 days of either of the following:

> (a) *the time from which the prosecutor knows that the person charged with the offense is incarcerated in a state prison or is detained in a local facility awaiting incarceration in a state prison*, or

> (b) the time from which the Department of Corrections knows or has reason to know that a criminal charge is pending against a defendant incarcerated in a state prison or detained in a local facility awaiting incarceration in a state prison. [Emphasis added.]

Under this version of the court rule, the 180-day period commenced when the prosecutor simply knew that defendant was incarcerated. In conceding that it had such notice, the prosecution reasonably relied on the former court rule and stated that the 180-day period commenced on August 28, 2002, the date it had received notice of defendant's incarceration from the district court.

But as we recognized in *Williams, supra* at 259, the statutory trigger for commencement of the 180-day period conflicts with the court rule. MCL 780.131(1) provides, in pertinent part:

> Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, *the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint.* The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. *The written notice and statement shall be delivered by certified mail.* [Emphasis added.]

Thus, the 180-day period commences only after the Department of Corrections sends a certified letter to the prosecutor giving notice of the inmate's incarceration and a request for final disposition of the charges. *Williams, supra* at 256. In *Williams, supra* at 259, this Court held that the court rule was invalid to the extent that it improperly deviated from the statutory language. The *Williams* opinion applies to all cases pending on appeal

in which the 180-day issue has been preserved. *Id.* Therefore, *Williams* applies to the instant case.

The prosecution's concession of the notice issue did not amount to a waiver because the prosecution did not know, and could not have known, at the time of the concession that this Court would invalidate MCR 6.004(D) and enforce the notice requirements listed in the 180-day statute. A party does not waive error that, because of a change in the law, could not have been recognized until the party's case was pending on appeal. *State v Munninger*, 209 Ariz 473, 477 (Ariz App, 2005). Waiver requires "the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215 (2000) (internal citations and quotation marks omitted). Here, the prosecution did not intentionally abandon a *known* right. Under MCL 780.131(1), the prosecution had a right to notice by certified mail from the Department of Corrections of defendant's incarceration and a request for final disposition of the pending charges. But the prosecution did not know it had this right at the time because MCR 6.004(D) improperly provided that the prosecutor need only have notice that the defendant was incarcerated. Thus, the prosecution could not have used its concession of the notice issue as an appellate parachute.[1] The prosecution's concession of the notice issue was based on the notice of defendant's incarceration it received *from the district court*. The prosecution did *not* concede that it had received the statutorily required notice of defendant's incarceration from the Department of Corrections by certified mail. If the prosecution had the benefit of the *Williams* opinion, it would not have conceded the notice issue, because it would have known that the only valid notice under the 180-day rule is the notice required by statute. Under the law that was in effect at the time, however, the prosecution abandoned the notice issue without knowing that it had an existing right to receive proper notice under MCL 780.131(1). This is not a waiver. "'A contrary holding would place an unreasonable burden on [the parties] to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where [the parties] might hope that an established rule . . . would be changed on appeal.'" *People v Guzman*, 40 Cal App 4th 691, 696 (1995) (Premo, Acting P.J., dissenting), quoting *People v Kitchens*, 46 Cal 2d 260, 263 (1956).[2]

---

[1] I reject Justice Kelly's contention that we are allowing the prosecution to "escape its admissions and waivers because of ignorance of the law." When the prosecution conceded the notice issue, it was justifiably relying on the law as it existed at the time. Contrary to Justice Kelly's belief, the prosecution should not have ignored the language of the then-valid court rule and the case law applying that rule.

[2] Justice Kelly argues that even if the 180-day period did not begin on August 28, 2002, it must have begun at the time of defendant's arraignment on September 12, 2002. But this misses the point of the *Williams* opinion. As I have discussed, under *Williams, supra* at 256, the 180-day period commences under MCL 780.131 only after the Department of Corrections sends a certified letter to the prosecutor giving notice of the inmate's

CAVANAGH, J., would deny the motion to supplement the record.

KELLY, J., dissents and states as follows:

I dissent from the majority's decision to allow the prosecution to supplement the record. It represents an eleventh-hour attempt to change the record and demonstrate that plaintiff did not have notice of defendant's incarceration more than 180 days before trial. Earlier, the prosecution conceded that it had notice of defendant's incarceration more than 180 days before trial. Given this concession, it waived the issue.

This Court ordered oral argument on whether to grant the application or take other peremptory action pursuant to MCR 7.302(G)(1). Specifically, we ordered the parties to address

> whether there was a violation of the 180-day rule, MCL 780.131,[3] in this case in light of *People v Williams*, 475 Mich 245 (2006), and whether the

incarceration and a request for final disposition of the charges. The prosecution had not received such a letter from the Department of Corrections on September 12, 2002.

[3] MCL 780.131 provides:

> (1) Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.

> (2) This section does not apply to a warrant, indictment, information, or complaint arising from either of the following:

> (a) A criminal offense committed by an inmate of a state correctional facility while incarcerated in the correctional facility.

time limitation set forth in MCL 780.131 is subject to waiver or extension for any reason, such as prosecutor good faith, mutual agreement of the parties, or time attributable to the defendant, including requests for adjournment. [*People v Holt*, 477 Mich 860 (2006).]

Later, instead of filing a supplemental brief, the prosecution filed a motion to permit it to supplement the record or for a remand of the case to settle the record. The prosecution claimed that it had never received written notice from the Department of Corrections. The claim directly contradicted its past statements.

On the first day of trial, May 21, 2003, defendant raised the issue of a 180-day-rule violation and asked the trial court to dismiss the charges with prejudice. In response to this motion, the prosecutor specifically stated that the 180 days began to run on August 28, 2002. The prosecution repeatedly stated that it had notice on that date. It also indicated that, on August 30, 2002, it prepared a writ to cause defendant to be brought to court from a state prison in Jackson. Defendant was arraigned on September 12, 2002.

On the first day of trial, the court agreed with the prosecution's starting date. It ruled that the prosecution had notice on August 28, 2002.[4] The prosecution agreed with this assessment and never appealed from the determination. In fact, it never even argued that the determination was erroneous. In his subsequent brief to the Court of Appeals and in his application to this Court, defendant made note of the prosecution's concession that the 180 days began to run on August 28, 2002. Not only did the prosecution not object to these statements, it accepted defendant's statements of fact without challenging this starting date.

Given the prosecution's repeated acceptance of the August 28, 2002, starting date, it is too late now for it to advocate for some other date as the correct starting point. The prosecution has waived the argument. "'One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.'" *People v Carter*, 462 Mich 206, 215 (2000), quoting *United States v Griffin*, 84 F3d 912, 924 (CA 7, 1996). Allowing the prosecution to change the date in the course of this appeal would allow the creation of an appellate parachute. Counsel may not harbor error in the trial court for use as a parachute to save the case in

---

(b) A criminal offense committed by an inmate of a state correctional facility after the inmate has escaped from the correctional facility and before he or she has been returned to the custody of the department of corrections.

[4] Defendant had been arguing for an earlier starting date. He claimed that the count should start from the date the prosecution received notice that defendant would be extradited from incarceration in another state.

the appellate courts. *Carter*, 462 Mich 214. In this case, if any error exists, it was created by the prosecution's advocacy for the August 28, 2002, starting date. Because of this, the Court should not now allow the prosecution to change its position.

Justice Corrigan argues that the prosecution did not waive this argument because it did not know that the statutory language would control. I disagree. Although this Court recently invalidated the former version of MCR 6.004(D) in part because it conflicted with the language of MCL 780.131,[5] the requirements of the statutory 180-day rule have never changed. The language of the statute has not changed since its amendment in 1989. These requirements were always in existence, regardless of the language of MCR 6.004(D).

Given that the prosecution is a sophisticated party, it should have known that it was bound to follow the statutes enacted by the Legislature. The prosecution should be bound to know the law. And it should not be allowed to escape its admissions and waivers because of ignorance of the law. Contrary to Justice Corrigan's contention, the prosecution always knew that it had a right to receive notice pursuant to MCL 780.131. Because the statute did not change, the prosecution's advocacy for the August 28, 2002, starting date waived any later argument for some other date. Therefore, I would deny the prosecution's motion.

I would also note that, even if the prosecution is allowed to escape the August 28, 2002, starting date, it certainly had notice of defendant's incarceration by the arraignment on September 12, 2002. This date is more than 180 days before the start of trial on May 21, 2003. Even giving the prosecution the benefit of this doubt, its motion to supplement the record is untimely. Therefore, I must dissent from the majority's decision to grant the motion.

---

[5] *Williams*, 475 Mich 259.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 19, 2007

*Corbin R. Davis*

Clerk

t0116