Corrigan, J.
(concurring). I concur in the order granting the prosecution’s motion to supplement the record. I write separately to explain the reasons for granting the motion.
This Court ordered oral argument on the application for leave to appeal to consider whether there was a violation of the 180-day rule, MCL 780.131, in this case in light of People v Williams, 475 Mich 245 (2006), and whether the time limitation set forth in MCL 780.131 is subject to waiver or extension. 477 Mich 860 (2006). The prosecution then moved to supplement the record to show that it did not receive written notice of defendant’s imprisonment by certified mail from the Department of Corrections, as required by MCL 780.131(1). Defendant argues that the motion should be denied because the prosecution waived the notice issue when it conceded in the trial court that it received notice of defendant’s incarceration from the district court on August 28, 2002. I disagree.
While this case was in the lower courts, MCR 6.004(D) provided in relevant part:
(D) Untried Charges Against State Prisoner.
(1) The 180-Day Rule. Except for crimes exempted by MCL 780.131(2); MSA 28.969(1X2), the prosecutor must make a good faith effort to bring a criminal charge to trial within 180 days of either of the following:
*1282 (a) the time from which the prosecutor knows that the person charged with the offense is incarcerated in a state prison or is detained in a local facility awaiting incarceration in a state prison, or
(b) the time from which the Department of Corrections knows or has reason to know that a criminal charge is pending against a defendant incarcerated in a state prison or detained in a local facility awaiting incarceration in a state prison. [Emphasis added.]
Under this version of the court rule, the 180-day period commenced when the prosecutor simply knew that defendant was incarcerated. In conceding that it had such notice, the prosecution reasonably relied on the former court rule and stated that the 180-day period commenced on August 28, 2002, the date it had received notice of defendant’s incarceration from the district court.
But as we recognized in Williams, supra at 259, the statutory trigger for commencement of the 180-day period conflicts with the court rule. MCL 780.131(1) provides, in pertinent part:
Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to he served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail. [Emphasis added.]
Thus, the 180-day period commences only after the Department of Corrections sends a certified letter to the prosecutor giving notice of the inmate’s incarceration and a request for final disposition of the charges. Williams, supra at 256. In Williams, supra at 259, this Court held that the court rule was invalid to the extent that it improperly deviated from the statutory language. The Williams opinion applies to all cases pending on appeal in which the 180-day issue has been preserved. Id. Therefore, Williams applies to the instant case.
*1283 The prosecution’s concession of the notice issue did not amount to a waiver because the prosecution did not know, and could not have known, at the time of the concession that this Court would invalidate MCR 6.004(D) and enforce the notice requirements listed in the 180-day statute. A party does not waive error that, because of a change in the law, could not have been recognized until the party’s case was pending on appeal. State v Munninger, 209 Ariz 473, 477 (Ariz App, 2005). Waiver requires “the intentional relinquishment or abandonment of a known right.” People v Carter, 462 Mich 206, 215 (2000) (internal citations and quotation marks omitted). Here, the prosecution did not intentionally abandon a known right. Under MCL 780.131(1), the prosecution had a right to notice by certified mail from the Department of Corrections of defendant’s incarceration and a request for final disposition of the pending charges. But the prosecution did not know it had this right at the time because MCR 6.004(D) improperly provided that the prosecutor need only have notice that the defendant was incarcerated. Thus, the prosecution could not have used its concession of the notice issue as an appellate parachute.[1] The prosecution’s concession of the notice issue was based on the notice of defendant’s incarceration it received from the district court. The prosecution did not concede that it had received the statutorily required notice of defendant’s incarceration from the Department of Corrections by certified mail. If the prosecution had the benefit of the Williams opinion, it would not have conceded the notice issue, because it would have known that the only valid notice under the 180-day rule is the notice required by statute. Under the law that was in effect at the time, however, the prosecution abandoned the notice issue without knowing that it had an existing right to receive proper notice under MCL 780.131(1). This is not a waiver. “ ‘A contrary holding would place an unreasonable burden on [the parties] to anticipate unforeseen changes in the law and encourage fruitless objections in other situations where [the parties] might hope that an established rule ... would be changed on appeal.’ ” People v Guzman, 40 Cal App 4th 691, 696 (1995) (Premo, Acting PJ., dissenting), quoting People v Kitchens, 46 Cal 2d 260, 263 (1956).[2]
Cavanagh, J.
I would deny the motion to supplement the record.

 I reject Justice Kelly’s contention that we are allowing the prosecution to “escape its admissions and waivers because of ignorance of the law.” When the prosecution conceded the notice issue, it was justifiably relying on the law as it existed at the time. Contrary to Justice Kelly’s belief, the prosecution should not have ignored the language of the then-valid court rule and the case law applying that rule.

 Justice Kelly argues that even if the 180-day period did not begin on August 28, 2002, it must have begun at the time of defendant’s arraignment on September 12, 2002. But this misses the point of the Williams opinion. As I have discussed, under Williams, supra at 256, the 180-day period commences under MCL 780.131 only after the Department of Corrections sends a certified letter to the prosecutor giving notice of the *1284 inmate’s incarceration and a request for final disposition of the charges. The prosecution had not received such a letter from the Department of Corrections on September 12, 2002.