*1284 Kelly, J.
(dissenting). I dissent from the majority’s decision to allow the prosecution to supplement the record. It represents an eleventh-hour attempt to change the record and demonstrate that plaintiff did not have notice of defendant’s incarceration more than 180 days before trial. Earlier, the prosecution conceded that it had notice of defendant’s incarceration more than 180 days before trial. Given this concession, it waived the issue.
This Court ordered oral argument on whether to grant the application or take other peremptory action pursuant to MCR 7.302(G)(1). Specifically, we ordered the parties to address
whether there was a violation of the 180-day rule, MCL 780.131,[1] in this case in light of People v Williams, 475 Mich 245 (2006), and whether the time limitation set forth in MCL 780.131 *1285 is subject to waiver or extension for any reason, such as prosecutor good faith, mutual agreement of the parties, or time attributable to the defendant, including requests for adjournment. [People v Holt, 477 Mich 860 (2006).]
Later, instead of filing a supplemental brief, the prosecution filed a motion to permit it to supplement the record or for a remand of the case to settle the record. The prosecution claimed that it had never received written notice from the Department of Corrections. The claim directly contradicted its past statements.
On the first day of trial, May 21, 2003, defendant raised the issue of a 180-day-rule violation and asked the trial court to dismiss the charges with prejudice. In response to this motion, the prosecutor specifically stated that the 180 days began to run on August 28, 2002. The prosecution repeatedly stated that it had notice on that date. It also indicated that, on August 30, 2002, it prepared a writ to cause defendant to be brought to court from a state prison in Jackson. Defendant was arraigned on September 12, 2002.
On the first day of trial, the court agreed with the prosecution’s starting date. It ruled that the prosecution had notice on August 28, 2002. [2] The prosecution agreed with this assessment and never appealed from the determination. In fact, it never even argued that the determination was erroneous. In his subsequent brief to the Court of Appeals and in his application to this Court, defendant made note of the prosecution’s concession that the 180 days began to run on August 28, 2002. Not only did the prosecution not object to these statements, it accepted defendant’s statements of fact without challenging this starting date.
Given the prosecution’s repeated acceptance of the August 28, 2002, starting date, it is too late now for it to advocate for some other date as the correct starting point. The prosecution has waived the argument. “ ‘One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.’ ” People v Carter, 462 Mich 206, 215 (2000), quoting United States v Griffin, 84 F3d 912, 924 (CA 7, 1996). Allowing the prosecution to change the date in the course of this appeal would allow the creation of an appellate parachute. Counsel may not harbor error in the trial court for use as a parachute to save the case in the appellate courts. Carter, 462 Mich 214. In this case, if any error exists, it was created by the prosecution’s advocacy for the August 28, 2002, starting date. Because of this, the Court should not now allow the prosecution to change its position.
*1286 Justice Corrigan argues that the prosecution did not waive this argument because it did not know that the statutory language would control. I disagree. Although this Court recently invalidated the former version of MCR 6.004(D) in part because it conflicted with the language of MCL 780.131,[3] the requirements of the statutory 180-day rule have never changed. The language of the statute has not changed since its amendment in 1989. These requirements were always in existence, regardless of the language of MCR 6.004(D).
Given that the prosecution is a sophisticated party, it should have known that it was bound to follow the statutes enacted by the Legislature. The prosecution should be bound to know the law. And it should not be allowed to escape its admissions and waivers because of ignorance of the law. Contrary to Justice Corrigan’s contention, the prosecution always knew that it had a right to receive notice pursuant to MCL 780.131. Because the statute did not change, the prosecution’s advocacy for the August 28, 2002, starting date waived any later argument for some other date. Therefore, I would deny the prosecution’s motion.
I would also note that, even if the prosecution is allowed to escape the August 28, 2002, starting date, it certainly had notice of defendant’s incarceration by the arraignment on September 12, 2002. This date is more than 180 days before the start of trial on May 21,2003. Even giving the prosecution the benefit of this doubt, its motion to supplement the record is untimely. Therefore, I must dissent from the majority’s decision to grant the motion.

 MCL 780.131 provides:
(1) Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time or disciplinary credits earned, the time of parole eligibility of the prisoner, and any decisions of the parole board relating to the prisoner. The written notice and statement shall be delivered by certified mail.
(2) This section does not apply to a warrant, indictment, information, or complaint arising from either of the following:
(a) A criminal offense committed by an inmate of a state correctional facility while incarcerated in the correctional facility.
(b) A criminal offense committed by an inmate of a state correctional facility after the inmate has escaped from the corree- *1285 tional facility and before he or she has been returned to the custody of the department of corrections.

 Defendant had been arguing for an earlier starting date. He claimed that the count should start from the date the prosecution received notice that defendant would be extradited from incarceration in another state.

 Williams, 475 Mich 259.