# Order

Michigan Supreme Court
Lansing, Michigan

September 12, 2007

133531

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

LAMONT ALLEN STINNETT,
        Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133531
COA: 265713
Genesee CC: 05-016744-FH

_____/

On order of the Court, the application for leave to appeal the February 6, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgments of the Court of Appeals and the Genesee Circuit Court and we REMAND this case to the Genesee Circuit Court for further proceedings consistent with this order. The Court of Appeals committed plain error by finding that this Court's decision in *People v Williams*, 475 Mich 245 (2006), did not apply to this case. The prosecutor's appeal raised and preserved the question whether the trial court erred by finding a violation of MCL 780.131(1) and dismissing the information with prejudice. In light of the record and the Court of Appeals conclusion that "it is not clear when, or even if, the [D]epartment of [C]orrections provided to the prosecutor 'written notice of the placement of imprisonment of the inmate and a request for final disposition of the [criminal charge]' as envisioned by MCL 780.131(1)", defendant did not establish on the existing record that the Department of Corrections caused to be delivered by certified mail to the prosecuting attorney the written notice, request, and statement as required by MCL 780.131(1). See *People v Holt*, 478 Mich 851 (2007). On remand, the Genesee Circuit Court is DIRECTED to conduct an evidentiary hearing to determine if and when the Department of Corrections caused to be delivered by certified mail to the prosecuting attorney the written notice, request, and statement required by MCL 780.131(1).

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 12, 2007

Clerk

s0905