# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 15, 2010

140654

PEOPLE OF THE STATE OF MICHIGAN,
  Plaintiff-Appellee,

v

ROBERT E. BAILEY,
  Defendant-Appellant.
_____/

Marilyn Kelly,
*Chief Justice*

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
*Justices*

SC: 140654
COA: 278047
Grand Traverse CC:
03-009349-FH

On order of the Court, the application for leave to appeal the January 7, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals. Application of the factors set forth in *People v Mezy,* 453 Mich 269, 285 (1996), to determine whether there was one agreement to commit two crimes, or more than one agreement each with a separate object, supports the conclusion that the defendant was involved in one agreement to undertake the drug sales for which he was separately charged and convicted. The Court of Appeals erred in concluding otherwise. Accordingly, the defendant's conviction of Count II violated the Double Jeopardy clauses of the United States and Michigan Constitutions. US Const, Am V, and Const 1963, art 1, § 15. We REMAND this case to the Grand Traverse Circuit Court for entry of an order granting the defendant's motion to reverse his conviction on Count II of the General Information.

CORRIGAN, J. (*concurring*).

I concur in the Court's order peremptorily reversing the judgment of the Court of Appeals and remanding to the trial court for entry of an order granting defendant's motion to vacate his conviction of the second count of conspiracy to deliver less than 50 grams of cocaine. Defendant's conviction of a second count of conspiracy violates the Double Jeopardy clauses of the United States and Michigan Constitutions, US Const, Am V and Const 1963, art 1, § 15, because the prosecution failed to prove that defendant participated in two conspiracies, each with a separate object.

Defendant was convicted of two counts of conspiracy to deliver less than 50 grams of cocaine, MCL 750.157a and MCL 333.7401(2)(a)(iv). He appealed, arguing in part that his two conspiracy convictions constituted double jeopardy because the evidence reflected a single ongoing conspiracy. The Court of Appeals affirmed. Defendant sought leave to appeal, and this Court vacated the Court of Appeals analysis of defendant's double jeopardy argument and remanded for reconsideration under *People v Mezy*, 453

Mich 269, 285 (1996).[1] The Court of Appeals remanded to the trial court, which purported to apply *Mezy* and ruled that defendant's two conspiracy convictions did not violate double jeopardy. The Court of Appeals affirmed[2]. Defendant again seeks leave to appeal here.

The lower courts clearly erred in rejecting defendant's double jeopardy argument because the record does not establish that defendant participated in two conspiracies. Under *Mezy*, *supra*, "[t]he essence of the determination is whether there is one agreement to commit two crimes, or more than one agreement each with a separate object." Defendant was charged with the two counts of conspiracy in connection with codefendant Darnell Blanchard's sale of cocaine to an undercover police officer on October 6, 2003, and October 10, 2003. Although police officers observed defendant with Blanchard during a drug sale on September 30, 2003, defendant was not present during the October 6 and October 10 drug sales. The evidence connecting him to these drug sales consisted of pre-recorded bills, found in a bedroom that defendant was apparently occupying, that had been used to pay Blanchard for drugs on October 6 and October 10. The evidence of *any* agreement between Blanchard and defendant was entirely circumstantial, and there is no indication in the record, circumstantial or otherwise, of *two separate agreements*. Application of the five *Mezy* factors to this case points to the conclusion that there was a single agreement: the charged drug sales were only four days apart and involved the same alleged coconspirators (defendant and Blanchard), charged with the same statutory offenses (delivery of less than 50 grams of cocaine) for the same overt acts (delivery of crack cocaine) from the same location (a Blockbuster Video store in Traverse City). At most, the evidence reflects a single ongoing conspiracy, and the drug sales on October 6

---

[1] In *Mezy*, we provided the following framework for analyzing whether there are two conspiracies:

> In order to determine what the extent of the agreement is, so that we may determine whether there are two conspiracies or only one, we will use the same "totality of the circumstances" test used in constitutional double jeopardy analysis. This test includes the following factors: 1) time, 2) persons acting as coconspirators, 3) the statutory offenses charged in the indictments, 4) the overt acts charged by the government or any other description of the offenses charged that indicate the nature and scope of the activity that the government sought to punish in each case, and 5) places where the events alleged as part of the conspiracy took place. The essence of the determination is whether there is one agreement to commit two crimes, or more than one agreement each with a separate object.

[2] *People v Bailey,* unpublished opinion per curiam of the Court of Appeals, issued January 7, 2010 (Docket No. 278047).

and October 10 were no more than overt acts during that conspiracy.[3]  Thus, defendant's conviction of a second count of conspiracy violates double jeopardy and I fully support the Court's order reversing the decision of the Court of Appeals and remanding to the trial court for correction of this constitutional error.

WEAVER, J. (*dissenting*).

I dissent and would not peremptorily reverse the judgment of the Court of Appeals because I do not find that the trial court committed clear error.

YOUNG, J. (*dissenting*).

I dissent from the majority order peremptorily reversing defendant's conviction for the second conspiracy charge.  In focusing narrowly on the "factors set forth in *People v Mezy*," the majority fails to give meaning to the most important language of the *Mezy* double jeopardy analysis: that we must look to the "totality of the circumstances," including the nonexclusive list of factors outlined in *Mezy*, to determine whether a defendant has committed one or multiple conspiracies.[4]  Moreover, because of this flawed analysis, the majority order fails to consider whether the trial court clearly erred in determining, based on the totality of the circumstances, that defendant had committed two separate conspiracies.[5]

Here, the trial court considered the totality of the circumstances surrounding the two charged incidents of delivering a controlled substance and the attendant conspiracy charges.  In doing so, the trial court considered various uncharged controlled buys as well as the charged incidents.  After considering the entire body of evidence, the court found that defendant had directed each sale individually.  Therefore, the court concluded that defendant had engaged in a series of conspiracies rather than one overarching conspiracy to deliver controlled substances.  The trial court correctly considered the totality of the

---

[3] Contrary to Justice YOUNG's view, I find no evidence, either under the five *Mezy* factors, or in considering the "totality of the circumstances," to support the trial court's conclusion that defendant directed each sale individually.  Notably, Justice YOUNG does not explain what specific evidence supports the trial court's conclusion.

[4] *People v Mezy*, 453 Mich 269, 285 (1996).

[5] We are bound to review a trial court's factual determinations for clear error.  MCR 2.613(C); *People v Williams*, 475 Mich 245, 250 (2006).  "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498 (2002).

circumstances (including the nonexclusive list of enumerated factors) as directed by *Mezy*. Further, although I may not have reached the same factual conclusions as the trial court, I do not believe that the trial court committed clear error. Accordingly, I would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 15, 2010

s0708

_Corbin R. Davis_
Clerk