# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 27, 2017

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

155541

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v                                                          SC: 155541
                                                           COA: 329298
                                                           Wayne CC: 15-004873-FH

ORONDE GRAHAM,
          Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the February 16, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, C.J. (*concurring*).

I concur in this Court's order denying leave to appeal, given that the Court of Appeals correctly held that the 180-day period in MCL 780.131(1) does not begin to run until the prosecutor has received formal notice from the Michigan Department of Corrections (MDOC) regarding a pending warrant against an inmate. *People v Williams*, 475 Mich 245, 259 (2006). I write separately only to note that the statute neither places any time limitation on when the MDOC must communicate formal notice regarding a pending warrant against an inmate, nor provides a defendant a remedy if the MDOC fails to communicate such notice. The lack of such provisions arguably undermines the apparent purpose of the statute.

Here, the MDOC did not communicate formal notice to the prosecutor that a warrant was pending against defendant-- who was incarcerated at the time the complaint was filed-- until approximately 16 months after the complaint against defendant was filed, by which time defendant was no longer incarcerated. This Court has recognized that the potential benefits of the 180-day period in MCL 780.131(1) include "protecting concurrent sentences, minimizing obstructions to prison rehabilitation, aiding in preventing untried charges from affecting early release, and clearing court dockets and

prosecutors' offices of stale charges." *People v Woodruff*, 414 Mich 130, 137 (1982), overruled on other grounds by *People v Smith*, 438 Mich 715 (1991). Each of these purposes is arguably undermined when, as in this case, the MDOC does not timely communicate notice to the prosecutor after a complaint against an inmate has been filed, because communication of such notice is a precondition to the running of the 180-day notification period. I write only to call this matter to the Legislature's attention so that it might, if it so chooses, take action to address this concern.

McCORMACK and BERNSTEIN, JJ., join the statement of MARKMAN, C.J.

WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 27, 2017



Clerk

s0920