*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM JOHN HODGES,

Defendant-Appellant.

UNPUBLISHED
January 24, 2019

No. 337119
Oakland Circuit Court
LC No. 2016-258052-FH

Before: BOONSTRA, P.J., and SAWYER and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of operating a motor vehicle while intoxicated, third offense, MCL 257.625(1), and driving with license suspended, second offense, MCL 257.904(3)(a). Defendant was sentenced to 120 days in jail and two years' probation for the operating a motor vehicle while intoxicated conviction and 27 days in jail for the driving with a license suspended conviction. We affirm.

## I. BASIC FACTS

This case arises out of defendant's arrest on July 31, 2015, for driving while he was intoxicated and with a suspended driver's license. Michigan State Police Trooper Robert Tournaud pulled defendant over at approximately 1:30 p.m. after observing defendant's van swerving between two lanes. After conducting two field sobriety tests, Trooper Tournaud determined that defendant was too intoxicated to drive, and defendant was arrested. At the Oakland County Jail, two breathalyzer tests were administered, and the results respectively showed that defendant had a blood alcohol concentration of .29 and .31. Defendant was booked in the jail. Defendant remained in jail from July 31, 2015, to December 29, 2015.[1] Defendant was arraigned in district court on February 11, 2016. At defendant's March 11, 2016 preliminary

---

[1] On August 25, 2015, defendant was sentenced and incarcerated on a separate drunk driving charge.

examination, he waived his right to a preliminary hearing and his case was bound over to circuit court. He was arraigned in circuit court on March 24, 2016. Defendant's trial commenced on January 23, 2017, approximately 17 months and three weeks after his arrest.

## II. ANALYSIS

Defendant argues that his speedy trial right was violated because he suffered prejudice by the nearly 18-month delay between his arrest and the start of his trial. We disagree.

"The determination whether a defendant was denied a speedy trial is a mixed question of fact and law." *People v Waclawski*, 286 Mich App 634, 664; 780 NW2d 321 (2009). The factual findings are reviewed for clear error, while the constitutional issue is a question of law subject to review de novo. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006); *Waclawski*, 286 Mich App at 664. "Violation of the constitutional right to a speedy trial requires dismissal of the charges with prejudice." *Waclawski*, 286 Mich App at 664-665, citing MCR 6.004(A).

"Both the United States Constitution and the Michigan Constitution guarantee a criminal defendant the right to a speedy trial." *Williams*, 475 Mich at 261, citing US Const, Am VI and Const 1963, art 1, § 20. "In determining whether a defendant has been denied the right to a speedy trial, [courts] balance the following four factors: (1) the length of the delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Williams*, 475 Mich at 261-262. In Michigan, "[t]he time for judging whether the right to a speedy trial has been violated runs from the date of the defendant's arrest." *Id.* at 261. If the delay is less than 18 months, the defendant must demonstrate prejudice. *People v Cain*, 238 Mich App 95, 112; 605 NW2d 28 (1999). If the delay is more than 18 months, prejudice is presumed, and the prosecution bears the burden of rebutting that presumption. *Id*.

Here, the length of delay does not weigh in defendant's favor. Defendant was arrested on July 31, 2015, and his trial commenced on January 23, 2017, resulting in a delay of approximately 17 months and three weeks. Because the delay was less than 18 months, prejudice cannot be presumed. Therefore, defendant had the burden to show that he suffered prejudice as a result of the delay. Because the delay was not presumptively prejudicial, this Court is not required to conduct an inquiry into the remaining factors and balance those competing interests. See *Williams*, 475 Mich at 262 (stating that a delay of 18 months or more "triggers" a review of the remaining factors); *People v Walker*, 276 Mich App 528, 543-544; 741 NW2d 843 (2007), vacated in part on other grounds 480 Mich 1059 (2008). However, as noted below, the factors, as a whole, do not weigh in favor of defendant.

Considering the second factor, a number of the delays in this case are attributable to defendant. A review of the record leads us to conclude that the period of time between defendant's arrest and arraignment remains unexplained, and thus, attributable to the prosecution. However, the 11-month delay between defendant's first pretrial hearing on April 21, 2016, and defendant's trial on January 23, 2017, is attributed primarily to defendant. During this time period, defense counsel requested adjournments on three occasions. At the April 21, 2016 pretrial hearing, defense counsel requested an adjournment in order to bring a motion in June for a speedy trial violation. A trial date was set for August 15, 2016; however, on August

11, 2016, defense counsel requested another adjournment to conduct further investigation. A new trial date was set for November 1, 2016. Prior to this trial date, defense counsel filed a motion to have an expert appointed. This request was granted; however, in late October, defense counsel again requested an adjournment of the November 1, 2016 trial because the expert's report had not been received. Accordingly, multiple adjournments at defense counsel's request are the primary reason for the delay between defendant's arraignment and his trial.

The assertion of the right factor weighs in defendant's favor. Here, defendant asserted his right to a speedy trial in a motion to dismiss, which was heard on June 29, 2016. Therefore, this factor would weigh in favor of defendant.

Finally, defendant has not met his burden of establishing that he was prejudiced by the delay. " 'There are two types of prejudice which a defendant may experience, that is, prejudice to his person and prejudice to the defense.' " *Williams*, 475 Mich at 264, quoting *People v Collins*, 388 Mich 680, 694; 202 NW2d 769 (1972). On appeal, defendant argues that he was prejudiced because he was incarcerated in the Oakland County Jail for 151 days following his arrest and that as a result, he was unable to properly assist in the preparation of his defense. In addition, defendant asserts that the stress he endured during this delay caused him prejudice. This Court has stated that "in the context of lengthy pretrial incarcerations . . . the most significant concern is whether the defendant's ability to defend himself or herself has been prejudiced." *Waclawski*, 286 Mich App at 668-669. Defendant has failed to show that his ability to defend himself has been prejudiced. Defendant has offered only general assertions that his incarceration and the resulting stress of the situation caused prejudice to his defense. Additionally, defendant was only incarcerated during the first five months of the delay. Therefore, he was capable of assisting in his defense during the vast majority of the delay. Furthermore, there is no evidence on the record that defendant suffered actual prejudice. Defense counsel requested adjournments on multiple occasions in order to build a stronger defense for defendant. There is no indication that any evidence such as witnesses or documentation was lost due to the delay. Because the delay in this case was not presumptively prejudicial, defendant had the burden of proving prejudice. Defendant has failed to meet that burden, and thus, his right to a speedy trial was not violated.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jonathan Tukel