*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant/Cross-Appellee,

v

TREY JAMES KISS,

      Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
January 20, 2022

No. 356476
Ingham Circuit Court
LC No. 19-000514-FH

Before: O'BRIEN, P.J., and STEPHENS and LETICA, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order dismissing defendant's case without prejudice on the basis of a violation of defendant's right to a speedy trial. On appeal, the prosecution argues that the trial court erred by finding a speedy-trial violation. Defendant cross-appeals, arguing that the trial court should have dismissed his case with prejudice. We reverse the trial court's order and remand for further proceedings.

## I. BACKGROUND

On June 19, 2019, defendant was charged with unlawful imprisonment and unarmed robbery after restraining a woman in order to steal her property. Defendant was charged on June 19, 2019, and was released on bond two days later.

In February, 2021, while defendant was still on bond awaiting trial, he filed a motion to dismiss, arguing that the continued delay between his being charged and being tried amounted to a violation of his right to a speedy trial. At the hearing on defendant's motion, the trial court asked the prosecution when it was "likely that this case will go to trial," to which the prosecution responded that defendant's case "falls at 81 on my docket list," so the case would not have "immediate priority in the near future." In response, the trial court estimated that it would not hear defendant's case "for a year and a half at best," and that it was more likely that the case would "go to trial in two or three years." Based on its estimations about how long the case would take to go

to trial, the trial court dismissed defendant's case, but did so without prejudice so as to allow the prosecution to refile its charges at a later date.[1]

The prosecution now appeals as of right, and defendant cross-appeals.

## II. SPEEDY-TRIAL VIOLATION

On appeal, the prosecution argues that the trial court erred by finding a speedy-trial violation based on its estimate about when defendant's case would proceed to trial. We agree.

Whether defendant was denied his constitutional right to a speedy trial is a mixed question of fact and law. *People v Waclawski*, 286 Mich App 634, 664; 780 NW2d 321 (2009). A trial court's factual findings supporting its ruling are reviewed for clear error, while the court's ultimate determination on the constitutional question is reviewed de novo. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006).

Both the United States and Michigan Constitutions guarantee a criminal defendant the right to a speedy trial. US Const, Am VI; Const 1963, art 1, § 20. Michigan courts employ "the *Barker* standards" articulated by the United States Supreme Court in *Barker v Wingo*, 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), to determine whether a speedy-trial violation occurred. See *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006). Under this standard, courts balance the following four factors to determine whether a defendant was denied the right to a speedy trial: "(1) the length of delay, (2) the reason for delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *Id*. at 261-262. For a delay longer than 18 months, prejudice is presumed, *People v Collins*, 388 Mich 680, 690; 202 NW2d 769 (1972), and courts must turn to the remaining factors to determine whether a defendant has been deprived of the right to a speedy trial, *Williams*, 475 Mich at 262.

In this case, the trial court did not apply the *Barker* factors, but instead summarily concluded that defendant's right to a speedy trial had been violated because defendant's trial would not commence for at least another 18 months. This was error. The trial court made an educated guess about how long it would be before defendant would stand trial, and then on the basis of its speculation, concluded that defendant's right to a speedy trial would be violated by that time. That a defendant's right to a speedy trial could be—or even would be—violated at some point in the future is clearly not a reason for concluding that the defendant's right to a speedy trial *had been*

---

[1] On appeal, defendant contends that the trial court did not find a speedy-trial violation on the basis of an "anticipatory delay," and that the trial court's discussion of the possible length of delay was unnecessary "commentary." This assertion is belied by the trial court's ruling, wherein it said:

> I am dismissing this without prejudice because the probability and likelihood of us going to trial on this particular case is so low within a time frame where I can even deal with speedy trial, eventually four or five months from now we will be back here and he's going to assert speedy trial and I have no choice.

violated. Accordingly, the trial court's reasoning that defendant's right to a speedy trial had been violated on the basis of the anticipated delay before defendant would stand trial was error.

Other than correcting this error, we are unfortunately unable to review the rest of the prosecution's claim on appeal due to the trial court's failure to address the *Barker* factors. The parties have numerous disputes related to the *Barker* factors—some factual, others legal—and these disputes were not decided by the trial court.[2] As an error-correcting Court, this Court generally reviews only matters actually decided by the lower court, see *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018), and does not resolve factual disputes in the first instance, see *Bloomfield Twp v Kane*, 302 Mich App 170, 185 n 10; 839 NW2d 505 (2013). In light of these principles, it would be inappropriate at this time for this Court to address the mix of legal and factual questions posed by the parties related to the *Barker* factors.

Accordingly, we reverse the trial court's order dismissing defendant's case without prejudice on the basis of a speedy-trial violation, and remand for the trial court to apply the *Barker* factors to defendant's motion.[3]

Reversed and remanded. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Cynthia Diane Stephens
/s/ Anica Letica

---

[2] For instance, the parties dispute the prejudice prong of *Barker* and whether the 11-month delay attributable to the COVID-19 pandemic should be weighed against the prosecution similar to the way that docket congestion is, or against neither party similar to how a missing witness is. See *Barker*, 407 US at 531.

[3] In light of this ruling, it is unnecessary to address defendant's argument that his case should have been dismissed with prejudice.