PEOPLE v JACKSON

Docket No. 294964. Submitted February 8, 2011, at Lansing. Decided February 17, 2011, at 9:05 a.m.

Thomas L. Jackson pleaded guilty in the Livingston Circuit Court to two counts of second-degree home invasion and one count of conspiracy to commit second-degree home invasion, MCL 750.110a(3) and MCL 750.157a. At defendant's sentencing, the court, Stanley J. Latreille, J., assessed 10 points for offense variable (OV) 13, MCL 777.43 (continuing pattern of criminal behavior), and 5 points for OV 16, MCL 777.46 (property obtained, damaged, lost, or destroyed), when it scored the sentencing guidelines. Defendant was sentenced as a third-offense habitual offender to 106 months to 30 years for each conviction. Defendant appealed.

The Court of Appeals *held*:

Former MCL 777.43(1)(c), now MCL 777.43(1)(d), required that 10 points to be assessed for OV 13 if the sentencing offense was part of a pattern of felonious criminal activity involving a combination of three or more crimes against a person or property. Under MCL 777.16f, second-degree home invasion is a crime against a person. Under MCL 777.18, conspiracy is designated as a crime against public safety, but at the time of defendant's offense, MCL 777.21(4) required that the offense class, offense variable level, and prior record variable level be based on the underlying offense. Thus, the trial court was required to consider the nature of the conspiracy when scoring OV 13. Defendant's conspiracy conviction was based on the two underlying home invasions, which were crimes against a person, and the trial court correctly concluded that there was a pattern of felonious criminal activity involving at least three crimes against a person or property. Resentencing was not required because even if zero points should have been assessed for OV 16, defendant's recommended minimum sentence range under the guidelines would not have changed because of the 10 points properly assessed for OV 13.

Affirmed.

SENTENCES — OFFENSE VARIABLE 13 — CONSPIRACY.

> To determine whether a conspiracy conviction may be used when
> scoring offense variable 13 (continuing pattern of criminal behav-
> ior) under the sentencing guidelines, the sentencing court must
> consider the nature of the offense underlying the conspiracy; a
> conspiracy to commit a crime designated under the guidelines as a
> crime against a person or property may be used when scoring
> offense variable 13 (MCL 777.18, 777.21[4], 777.43[1]).

*Bill Schuette*, Attorney General, *B. Eric Restuccia*, Solicitor General, *David L. Morse*, Prosecuting Attorney, and *William J. Vailliencourt, Jr.*, Assistant Prosecuting Attorney, for the people.

*Smith & Brooker, P.C.* (by *George B. Mullison*), for defendant.

Before: HOEKSTRA, P.J., and FITZGERALD and BECKERING, JJ.

PER CURIAM. Defendant pleaded guilty to two counts of second-degree home invasion, MCL 750.110a(3), and one count of conspiracy to commit second-degree home invasion, MCL 750.157a and MCL 750.110a(3). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 106 months to 30 years for each conviction. Defendant appeals by delayed leave granted, raising issues related to his sentencing. We affirm.

I. FACTS AND PROCEDURAL HISTORY

At the plea hearing, defendant admitted that he participated with another person in the breaking and entering of two different houses. He indicated that he was aware that his codefendants were going to go into the houses without permission with the intent to steal and that he was the "lookout" and stayed in the car. He

also indicated that items were in fact stolen from the houses. Defendant further admitted that he agreed with another person to break into the houses to steal items and that he would be the lookout. The trial court found that the plea was given understandingly, voluntarily, and accurately and accepted the plea. The court subsequently sentenced defendant as a third-offense habitual offender to concurrent sentences of 106 months to 30 years, with no days of credit, to be served "consecutive to a sentence for which you are on parole." The court denied defendant sentencing credit because of defendant's status as a parolee at the time of the offenses.

## II. ANALYSIS

Defendant argues that the trial court based his minimum sentences on facts not proved to a jury beyond a reasonable doubt, in contravention of *Blakely v Washington*, 542 US 296; 124 S Ct 2531; 159 L Ed 2d 403 (2004). He also argues that the trial court improperly scored offense variables (OVs) 13 and 16 and that he is entitled to sentence credit for the time spent in jail between his arrest and sentencing.

### A. THE DECISION IN *BLAKELY*

Our Supreme Court has held that *Blakely* does not apply to Michigan's indeterminate sentencing scheme. *People v Drohan*, 475 Mich 140, 164; 715 NW2d 778 (2006). Accordingly, defendant's argument that the trial court violated *Blakely* in scoring the guidelines is without merit.

### B. OV 13

Defendant challenges the assessment of 10 points for OV 13. The version of MCL 777.43 in existence on the

date of defendant's offense, February 25, 2005, provided for the assessment of 10 points if the "offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.43(1)(c), as amended by 2002 PA 666.[1] Additionally, MCL 777.43(2)(a) instructs that "all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction."

Defendant pleaded guilty of participating in the home invasion of a residence located at 15580 Graves Road, of participating in the home invasion of a residence located at 17900 Dexter Trail, and of conspiring with another individual to commit the home invasions. Defendant does not dispute that the two second-degree home invasion convictions may be used to score OV 13 because those convictions are for crimes against persons. See MCL 777.16f. He asserts, however, that the conspiracy conviction cannot be used to score OV 13 because conspiracy is a crime against public safety under MCL 777.18, not a crime against a person or property. Defendant further asserts that, if the conspiracy offense is not counted, there are no other crimes against a person or property committed by defendant within five years of these offenses that may be combined with the two home invasion convictions in order to establish the three convictions necessary to sustain a score of 10 points under 777.43(1)(c). We review de novo this issue involving the interpretation and application of the statutory guidelines. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

---

[1] MCL 777.43 was amended by 2008 PA 562, effective April 1, 2009. MCL 777.43(1)(c) is now found at MCL 777.43(1)(d), but we will use the preamendment designation to refer to the specific subdivision at issue here.

A review of the presentence investigation report reveals that defendant did not engage in any other criminal activities that were directed against persons or property within the five years preceding the present offenses. The question, therefore, is whether defendant's conspiracy offense constitutes a separate crime against a person or property for purposes of scoring OV 13. There is no published authority on the question whether a conspiracy conviction may be used to score OV 13.

Conspiracy is designated as a crime against public safety in MCL 777.18. At the time of defendant's offenses, MCL 777.21(4) provided, "If the offender is being sentenced for a violation described in [MCL 777.18], determine the offense class, offense variable level, and prior record variable level *based on the underlying offense.*" MCL 777.21(4), as amended by 2000 PA 279 (emphasis added).[2] The command of MCL 777.21(4) to determine the offense variable level "based on the underlying offense" reflects the intent of the Legislature that the nature of the underlying offense (and not the fact that a conspiracy had been committed) controls when and how an offense variable is scored. Reading MCL 777.18, MCL 777.21(4), and MCL 777.43(1)(c) together as a harmonious whole, see *Cadle Co v City of Kentwood,* 285 Mich App 240, 249; 776 NW2d 145 (2009), we conclude that the command of MCL 777.21(4) is sufficiently sweeping in scope to have required the trial court to consider the nature of the conspiracy for which defendant was convicted in this case when scoring OV 13.[3] Defendant was convicted of conspiring to commit

---

[2] MCL 777.21 was subsequently amended by 2006 PA 655, effective January 9, 2007.

[3] We note that this Court previously held in three unpublished cases decided on the same day by the same panel that conspiracy convictions

home invasions. A home invasion is a crime against a person. Because the underlying nature of the conspiracy involved a crime against a person, the conspiracy conviction was properly used when scoring OV 13 in this case.[4]

## C. OV 16

In light of our conclusion that the trial court properly scored OV 13, any error in the scoring of OV 16 was harmless. The trial court assessed 5 points for OV 16. If those 5 points are subtracted from the 15-point OV total, the remaining 10 points assigned to OV 13 are sufficient to maintain the OV level at II, MCL 777.64, and, therefore, the point reduction would not trigger a need to rescore the guidelines. An erroneous score that would not, when corrected, result in a different recommended minimum sentence range does not require resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

## D. JAIL CREDIT

The trial court declined to award defendant sentence credit in light of defendant's status as a parolee. Any

are not properly scored under OV 13 because they are classified as crimes against public safety. See *People v Williams*, unpublished opinion per curiam of the Court of Appeals, issued March 10, 2005 (Docket No. 253299); *People v Barker*, unpublished opinion per curiam of the Court of Appeals, issued March 10, 2005 (Docket No. 253403); *People v Johnson*, unpublished opinion per curiam of the Court of Appeals, issued March 10, 2005 (Docket No. 253943). In addition to not being binding precedent, MCR 7.215(C)(1), we also find these cases to be of limited persuasive value because the effect of MCL 777.21(4) on the resolution of the claim that points cannot properly be assessed under OV 13 for conspiracy convictions was not raised or discussed.

[4] We note that because all three offenses involve crimes against a person, the trial court could properly have assessed 25 points for OV 13 under MCL 777.43(1)(b), as amended by 2002 PA 666. MCL 777.43(1)(b) is now MCL 777.43(1)(c).

sentence credit must be applied to the sentence that defendant was still serving while on parole. *People v Idziak*, 484 Mich 549, 552, 565-567; 773 NW2d 616 (2009); *People v Filip*, 278 Mich App 635, 640-643; 754 NW2d 660 (2008). In *Idziak*, the Court rejected arguments identical or similar to those now raised by defendant—i.e., that sentence credit is required by MCL 769.11b, and the Due Process, Equal Protection, and Double Jeopardy Clauses. *Idziak*, 484 Mich at 568-570, 572-574. Thus, this argument is without merit.[5]

Affirmed.

---

[5] Two of the remaining issues raised by defendant relate to arguments he raised in support of granting his delayed application for leave to appeal and, therefore, need not be addressed on appeal. Additionally, the issue regarding ineffective assistance of counsel appears to have been raised to avoid the issue-preservation requirements with regard to defendant's challenge to the scoring of the guidelines. Thus, this issue need not be addressed on appeal.