# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SEAN PATRICK DONOVAN,

       Defendant-Appellant.

UNPUBLISHED
December 9, 2014

No. 317665
Wayne Circuit Court
LC No. 05-003381-FH

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his conditional guilty plea conviction for possession with intent to deliver 50 to 449 grams of cocaine, MCL 333.7401(2)(a)(iii). After the trial court denied defendant's motion to dismiss the charges against him for violation of his right to a speedy trial, defendant entered his conditional plea of guilty, following which the trial court sentenced defendant to 4 to 20 years' imprisonment for the conviction with no credit for time served. Defendant's plea was conditioned on his right to appeal the trial court's denial of his speedy trial motion. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from defendant's February 16, 2005 arrest for cocaine possession. At the time of his arrest, defendant was on parole for a previous conviction. Defendant filed a motion to quash the charges against him on Fourth Amendment grounds, which the trial court granted. The prosecution filed an interlocutory appeal to this Court, and this Court reversed and remanded

---

[1] *People v Donovan*, unpublished order of the Court of Appeals, entered November 13, 2013 (Docket No. 317665).

to the trial court.[2]  Our Supreme Court denied defendant's application for leave to appeal this Court's ruling.[3]

Instead of being placed back on the docket after the appeal process, defendant's case was apparently "shelved with other inactive files."  Defendant was not incarcerated at that time.  The case remained off the trial court's docket for approximately 20 months; the prosecution also lost track of the case.  Defendant was arrested twice during this period.  First, on July 20, 2007, defendant was arrested for auto theft and was ultimately charged with intent to pass false title.  Then, on October 24, 2007, defendant was arrested for intent to pass false title, receiving and concealing stolen property, receiving and concealing a stolen motor vehicle, and concealing or misrepresenting the identity of a motor vehicle.  He was ultimately charged with receiving and concealing stolen property and receiving and concealing a stolen motor vehicle.

The trial court scheduled a hearing in this case for January 14, 2009, although the purpose of the hearing is not specified in the record.  The hearing was adjourned until February 27, 2009, due to a disciplinary suspension of defendant's counsel; however, counsel did not appear at the February hearing.  The trial court appointed new counsel for defendant, who requested and was granted an adjournment until March 7, 2009.  This counsel failed to appear at the March hearing, prompting the trial court to appoint a third attorney for defendant.  The record reflects that hearings were scheduled for April 7, 2009 and May 27, 2009, and were adjourned by the trial court.  On June 16, 2009, the case was assigned to a new trial judge and adjourned at the request of the prosecution.  One month later, the trial court adjourned a July 10, 2009 hearing because it could not locate the case file and "had absolutely no idea what was going on."

Defendant was rearraigned on July 17, 2009.  By this time, nearly 27 months had passed since the Supreme Court's April 24, 2007 denial of leave to appeal.  *Donovan*, 477 Mich at 1115.  At the rearraignment, defendant explained to the trial court that he had been in custody continuously since his October 24, 2007 arrest in a different Wayne Circuit Court case.  Defense counsel also stated that defendant would file a motion to dismiss for lack of a speedy trial.

Defendant filed the motion to dismiss on August 11, 2009, arguing that the prosecution was at fault for the delay between the Supreme Court's denial of leave to appeal and the resumed prosecution in the trial court.  Further, defendant asserted that he suffered prejudice due to the length of the delay and because the narcotics evidence recovered had since been destroyed and could not be retested.  In response, the prosecution conceded prejudice due to the length of the delay, but argued that the length of the delay should be given minimal weight since it was caused by nonmalicious error.  It further contended that defendant had delayed in asserting his right to a speedy trial and did not suffer prejudice to his defense because defendant's witness was still

---

[2] *People v Donovan*, unpublished opinion per curiam of the Court of Appeals, issued November 28, 2006 (Docket No. 263466).

[3] *People v Donovan*, 477 Mich 1115; 729 NW2d 880 (2007).

available to testify, as was the person who tested the evidence in the Michigan State Police Crime Lab.

The trial court denied defendant's motion. The trial court found that that defendant timely asserted his right to a speedy trial, but attributed 6 ½ months of the 27-month delay against defendant for the time it took him to secure and prepare new defense counsel. The trial court further ruled that the remaining 20-month period between the denial of defendant's leave to appeal and the return of the case to the trial court docket could not be attributed to defendant, but noted there was "no deliberate or mischievous act" by the prosecution in causing the delay. It ruled that defendant was not prejudiced by the delay for two reasons: (1) defendant was not in custody for the charged offenses during the delay; and (2) defendant's defense was not impaired. The trial court believed it unlikely that defendant would have actually performed an independent test of the evidence, or that such a test would have shown that the substance recovered was non-narcotic, given that police were expected to testify that they caught defendant trying to dispose of the substance and that defendant had given two statements admitting the substance was cocaine that belonged to him. Defendant's trial date was set for October 13, 2009; however, defendant entered his conditional plea on October 9, 2009 as described above.

On appeal, defendant argues that the delay between the prosecution's appeal and his conviction violated his right to a speedy trial, and contends that he is entitled to credit for jail time served.

## II. SPEEDY TRIAL

Whether defendant was denied a speedy trial is a mixed question of law and fact. *People v Gilmore*, 222 Mich App 442, 459; 564 NW2d 158 (1997). This Court reviews the trial court's factual findings for clear error and reviews constitutional questions de novo. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006); *People v Cain*, 238 Mich App 95, 111; 605 NW2d 28 (1999).

The United States and Michigan Constitutions guarantee defendant the right to a speedy trial. US Const, Am VI; Const 1963, art 1 § 20. To determine whether a pretrial delay violated a defendant's right to a speedy trial, we consider: "(1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant." *Cain*, 238 Mich App at 112 (quotation and citation omitted), see also *Barker v Wingo*, 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972). The prejudice element is "critical to the analysis." *Cain*, 238 Mich App at 112. Delay is calculated from the date of defendant's arrest to the time of trial. *Williams*, 475 Mich at 261. If the length of the delay exceeds 18 months, prejudice is presumed, and the burden shifts to the prosecution to rebut that presumption. *People v Waclawski*, 286 Mich App 634, 665; 780 NW2d 321 (2009).

## A. LENGTH OF THE DELAY

Defendant asserts that the period at issue is the delay between the prosecutor's interlocutory appeal and his rearraignment on July 17, 2009. However, for the first step of the analysis, the length of the delay is calculated from the date of arrest until the time of trial. See *Williams*, 475 Mich at 261 ("The time for judging whether the right to a speedy trial has been violated runs from the date of [the] defendant's arrest."). Defendant was arrested on February

16, 2005 and pleaded guilty on October 9, 2009. Although this delay of approximately 56 months is significant, "[t]he length of delay is insufficient in and of itself to require dismissal." *People v Simpson*, 207 Mich App 560, 564-565; 526 NW2d 33 (1994) (no violation with a delay of "over 4 ½ years"); see also *People v Smith*, 57 Mich App 556, 563-567; 226 NW2d 673 (1975) (no violation with a 19-year delay). In any event, this factor weighs in defendant's favor. *Waclawski*, 286 Mich App at 666. The delay is greater than 18 months and is therefore also presumptively prejudicial. *Id.*

## B. REASONS FOR THE DELAY

In assessing the reasons for delay, the court considers whether each period of delay is attributable to the defendant or the prosecution. *Williams*, 475 Mich at 262-263. Unexplained delays, scheduling delays, and docket congestion are charged against the prosecution. *Waclawski*, 286 Mich App at 666. However, while "delays inherent in the court system, e.g., docket congestion, are technically attributable to the prosecution, they are given a neutral tint and are assigned only minimal weight in determining whether a defendant was denied a speedy trial." *Williams*, 475 Mich at 263. Additionally, the length of time for the prosecutor's successful interlocutory appeal and defendant's application for leave to appeal to the Supreme Court are "taken out of the calculation." *People v Missouri*, 100 Mich App 310, 321; 299 NW2d 346 (1980); see, also, *Waclawski*, 286 Mich App at 664.

The trial court granted defendant's motion to quash the charges against him on May 12, 2005, and on June 23, 2005, the prosecutor appealed the dismissal. This Court reversed the trial court's order on November 28, 2006 (approximately 17 months later). The Supreme Court denied defendant's application for leave to appeal on April 24, 2007 (approximately five months after this Court's reversal). The case returned to the trial court's docket nearly 21 months later, on January 14, 2009, but did not resume until defendant's rearraignment on July 17, 2009.

We first subtract the approximately 22 months of delay that resulted from the prosecution's interlocutory appeal and defendant's application for leave to appeal this Court's order to the Supreme Court. *Missouri*, 100 Mich App at 321; 299 NW2d 346 (1980); *Waclawski*, 286 Mich App at 664. The parties do not dispute that defendant's case was progressing appropriately during the more than four month period between his arrest and the filing of the prosecution's appeal of the trial court's order quashing the charges against defendant, or during the nearly 3 months between his rearraignment and his guilty plea. Thus, approximately 29 months of the delay between defendant's arrest and plea are removed from our calculus. Defendant's speedy trial challenge before the trial court focused on the remaining time period, the delay of nearly 27 months between the denial of defendant's application for leave to appeal and his rearraignment.

The trial court attributed 6 ½ months of that delay to defendant due to the unavailability of counsel. Defendant argues that this finding was in error. We agree in part. The unavailability of counsel can be attributed to defendant. See *Williams*, 475 Mich at 262-263 (finding no error where the trial court attributed months of delay to the defendant because defense counsel failed to appear twice and the defendant's newly appointed counsel "had to familiarize himself with the case."). Defendant's initial counsel failed to appear twice, requiring the trial court to appoint substitute counsel. Defendant's substitute counsel requested an adjournment and failed to appear

a third time, prompting the trial court to appoint a second substitute counsel. Defendant's lack of counsel between January 14, 2009 and April 7, 2009 could properly be attributed to him.

However, the trial court should not have attributed all of those 6 ½ months of delay to defendant. The remaining portion of that delay, from April 7, 2009 to the July 17, 2009 rearraignment, was due primarily to three adjournments by the trial court, and one at the request of the prosecution. This portion of the delay is weighed, although minimally, against the prosecution. *Williams*, 475 Mich at 263. Similarly, the nearly 21-month delay between the denial of leave to appeal and the return of the case to the trial court's active docket caused by an apparent mistake in the docketing system is also attributable to the prosecution. *Doggett v United States*, 505 US 647, 656-657; 112 S Ct 2686; 120 L Ed 2d 520 (1992). Thus, apart from the nearly 3 month delay occasioned by defendant's lack of counsel, the remainder of the approximately 27 month delay is properly attributed to the prosecution. However, delays of the type found in the instant case are given a "neutral tint" and carry minimal weight in determining whether defendant was denied a fair trial. *Williams*, 475 Mich at 263.

## C. DEFENDANT'S ASSERTION OF THE RIGHT TO SPEEDY TRIAL

A defendant is not required to assert his right to a speedy trial, but "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *People v Collins*, 388 Mich 680, 692; 202 NW2d 769 (1972), quoting *Barker*, 407 US at 532. Defense counsel announced on July 17, 2009 that defendant would file a motion to dismiss for lack of a speedy trial, and filed the motion on August 11, 2009. Defendant thus asserted his right to a speedy trial nearly 27 months after the interlocutory appeal process ended, and only three months before the scheduled trial. This delay in asserting the right weighs against defendant. See *Cain*, 238 Mich App at 113-114 (noting, "we cannot ignore the fact that [the defendant] waited eighteen months to assert her right to a speedy trial[.]").

Here, the trial court found that defendant suffered great difficulty in obtaining counsel once the case was finally returned to the trial court's docket, and it made reference to the suspension of his first appointed counsel and the failure to appear of his second appointed counsel. The trial court concluded that the right to a speedy trial was timely asserted once defendant obtained appropriate representation. A defendant's lack of counsel for a portion of the delay does not always excuse a defendant's failure to timely assert the right to a speedy trial. See, e.g., *Collins*, 388 Mich at 693-694 (holding the defendant failed to timely assert his right to a speedy trial despite being jailed for another arrest and losing his retained counsel); see also *People v Walker*, 276 Mich App 528, 543-544; 741 NW2d 843 (2007), vacated in part on other grounds 480 Mich 1059 (2008) (the assertion of the right factor weighed against the defendant due in part to the "necessity to twice appoint new defense counsel"). However, in the instant case, in light of the degree of difficulty suffered by defendant in obtaining adequate representation, we find that the trial court did not err in holding that the right was timely asserted, and we do not weigh this factor against defendant.

## D. PREJUDICE TO DEFENDANT

A defendant may experience two kinds of prejudice, "prejudice to his person and prejudice to the defense." *Collins*, 388 Mich at 694. Prejudice to defendant's person may include "oppressive pretrial incarceration leading to anxiety and concern." *Id*. Prejudice to the

defense occurs, for example, when witnesses may not be available due to the delay. *Id*. "Impairment to the defense is the most serious, 'because the inability of a defendant to adequately prepare his case skews the fairness of the entire system.'" *Id*., quoting *Barker*, 407 US at 532. As noted, prejudice is presumed in this case due to the length of the delay; the burden was therefore on the prosecution to rebut that presumption.

Defendant contends that the trial court erred in ruling that he was not prejudiced because it incorrectly found that he was not in custody, even though he was incarcerated from October 24, 2007 to October 29, 2009, on an unrelated matter. A lengthy period of incarceration certainly imposes personal deprivation. *Williams*, 475 Mich at 264. However, the record in this case reflects that defendant's incarceration did not arise from the charge in the instant case and was unrelated to any delay in trial. Further, even if we considered defendant's incarceration as prejudicial to his person, "this Court has held that the prejudice prong . . . may properly weigh against a defendant" incarcerated for a period even longer than 19 months if there was no evidence of prejudice to his defense. *Williams*, 475 Mich at 264; see also *People v Grimmett*, 388 Mich 590, 606; 202 NW2d 278 (1972), overruled on other grounds by *People v White*, 390 Mich 245 (1973).

With regard to prejudice to defendant's defense, incarceration itself does not establish such prejudice unless there is evidence of impairment to the defense. *Williams*, 475 Mich at 264; see also, *People v Chism*, 390 Mich 104, 115; 211 NW2d 193 (1973) ("on the matter of prejudice to [the] defendant because of the length of the time before his trial, the most important thing is no evidence that a fair trial was jeopardized by the delay, although obviously 27 months of incarceration is not an insignificant personal hardship.")

Here, the trial court properly found that the prosecution had rebutted the presumption of prejudice and presented evidence that defendant's ability to present a defense was not impaired. The prosecution presented evidence that although the narcotics evidence had been destroyed, the crime lab technician who tested the evidence was available to testify at the time set for trial, as was defendant's main witness. The trial court noted that it was rare for a defendant to request an independent laboratory analysis of narcotics; further, defendant admitted to the arresting officers that the powder he was attempting to dispose of was cocaine. Defendant does not challenge the trial court's finding on his ability to assert a defense. This factor was properly weighed in favor of the prosecution. See *Williams*, 475 Mich at 264.

In conclusion, although the delay in the instant case is presumptively prejudicial, the delay did not prejudice defendant's person and the prosecution provided evidence that rebutted the presumption of prejudice to defendant's defense, which is "critical to the analysis." *Cain*, 238 Mich App at 112. Therefore, the trial court did not err in ruling that defendant's constitutional right to a speedy trial was not violated.

## III. TIME SERVED

Defendant's second claim on appeal is that due process considerations require that he be credited with time served because of the prolonged delay caused by negligence of the prosecutor and the trial court. We disagree. "Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011), citing *Waclawski*, 286 Mich App at 688.

"[W]hen a parolee commits a new offense while on parole, credit for time served in jail before sentencing on the new offense is not available." *People v Johnson*, 283 Mich App 303, 307; 769 NW2d 905 (2009); see, also, *People v Idziak*, 484 Mich 549, 562-564; 773 NW2d 616 (2009). Instead, "[a]ny sentence credit must be applied to the sentence that defendant was still serving while on parole." *People v Jackson*, 291 Mich App 644, 649-650; 805 NW2d 463 (2011), abrogated in part on other grounds by *People v Bonilla-Machado*, 489 Mich 412 (2011) and *People v Pearson*, 490 Mich 984 (2012).

In *Idziak*, our Supreme Court rejected arguments, similar to the arguments advanced by defendant here, that failure to credit time served for parolees violated the equal protection and double jeopardy clauses. *Idziak*, 484 Mich at 568-570, 572-574. Citing *Idziak*, this Court later concluded that failure to grant credit for time served for an earlier parole violation does not violate a defendant's due process rights. *Jackson*, 291 Mich App at 650.

The cases on which defendant relies, *People v Gleason*, 139 Mich App 445, 447; 363 NW2d 3 (1984) and *People v Face*, 88 Mich App 435, 438; 276 NW2d 916 (1979), were not decided on due process grounds.[4] These cases allowed credit for time served under a "liberal" reading of the jail credit statute, MCL 769.11b,[5] a reading that was later repudiated by our Supreme Court. See *People v Adkins*, 433 Mich 732, 745-749; 449 NW2d 400 (1989). Defendant acknowledges that he is not entitled to time served under the jail credit statute. *Armisted*, 295 Mich App at 50; see, also, MCL 768.7a(2). Defendant has not demonstrated that the failure of the trial court to award him credit for time served violated his due process rights; explicit precedent is to the contrary. *Idziak*, 484 Mich at 568-570, 572-574; *Jackson*, 291 Mich App at 650.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[4] These cases, even if they were applicable, are not binding on this Court. MCR 7.215(J)(1).

[5] MCL 769.11b states:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.