# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JERRY LEE WATSON,

       Defendant-Appellant.

UNPUBLISHED
May 28, 2015

No. 320328
Jackson Circuit Court
LC No. 12-004730-FH

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of: (1) first-degree home invasion, MCL 750.110a(2); (2) two counts of assault with a dangerous weapon (felonious assault), MCL 750.82; and (3) possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1). For the reasons stated below, we remand for an evidentiary hearing on the sole issue of whether defendant's trial attorney gave him ineffective assistance during plea negotiations.

## I. FACTS AND PROCEDURAL HISTORY

Highly intoxicated and armed with a handgun, defendant went to his ex-wife's apartment, shot the front door and broke in, while his ex-wife, former sister-in-law, and son took refuge in the bedroom. Once inside, defendant pointed the gun at both his former sister-in-law and ex-wife, but his son stepped in front of defendant's ex-wife to shield her. The son and his aunt were able to wrest the firearm away from defendant after a physical struggle, and a neighbor, who was armed and had heard gunshots, came over to help control defendant until the police arrived.

The prosecution charged defendant with (1) first-degree home invasion, MCL 750.110a(2); (2) three counts of felonious assault, MCL 750.82; and (3) felony-firearm, MCL 750.227b(1). At trial, the jury heard testimony from, among others, defendant, his son, his ex-wife, and his former sister-in-law, all of whom corroborated the charges against defendant. During his testimony, defendant denied pointing the gun at anyone, and stated that he did not intend to physically injure his former family members. Instead, he claimed that he invaded his ex-wife's apartment so that he could commit suicide in front of her. The jury rejected his story and convicted defendant of all charges, except for the count of felonious assault against defendant's son.

On appeal, defendant claims that trial counsel gave him ineffective assistance for multiple reasons that are addressed in detail below.[1]

## II. STANDARD OF REVIEW

The question of whether defense counsel rendered effective assistance is a mixed question of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The trial court's findings of fact are reviewed for clear error, while its conclusions on questions of law are reviewed de novo. *Id*.

## III. ANALYSIS

Effective assistance of counsel is presumed, and defendant bears the burden of showing otherwise. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). To demonstrate ineffective assistance of counsel, a defendant "must establish that 'counsel's representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel cannot be held ineffective for failure to make a meritless argument or a futile objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and [our] Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Here, defendant claims that his trial attorney provided him ineffective assistance because the attorney did not: (1) properly advise him on a potential plea deal; (2) present possible defenses; and (3) object to the trial court's supposedly improper scoring of Offense Variable (OV) 13. The prosecution asks that we uphold the ruling of the trial court, but also requests that we remand the matter of the plea bargain to the trial court, so that it may hold an evidentiary hearing to allow defendant to develop his claim that his attorney gave him ineffective assistance during the plea negotiations.

## A. PLEA BARGAIN

---

[1] After he brought this appeal, defendant asked our Court to remand his case to the Jackson Circuit Court for an evidentiary hearing to develop his claim for ineffective assistance of counsel, pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). Our Court denied the motion. *People v Watson*, unpublished order of the Court of Appeals, entered September 22, 2014 (Docket No. 320328). On reconsideration, our Court permitted defendant to ask this panel to remand his case for an evidentiary hearing to develop his claim for ineffective assistance of counsel. *People v Watson*, unpublished order of the Court of Appeals, entered November 26, 2014 (Docket No. 320328).

Again, to demonstrate ineffective assistance of counsel, a defendant must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Vaughn*, 491 Mich at 669 (citation omitted). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). When a defendant claims that his counsel's ineffective assistance caused him to reject a plea bargain, he must show that

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Douglas*, 496 Mich at 592, quoting *Lafler v Cooper*, 132 S Ct 1376, 1385; 182 L Ed 2d 398 (2012).]

Here, defendant claims that his attorney misinformed him of the consequences of a proposed plea agreement. Specifically, defendant says the prosecution would have allowed him to plead guilty to first-degree home invasion and one count of felonious assault, in exchange for the elimination of the charges of felony-firearm and two other counts of felonious assault. Counsel, according to defendant, advised him against the plea offer, because it would ensure a 6 to 8 year prison sentence. Defendant also alleges that his attorney did not tell him that if he went to trial and was convicted as charged, he would serve a mandatory two-year consecutive prison term for felony firearm.

To put it mildly, there is reason to doubt defendant's version of events. In its brief on appeal, the prosecution asserts that it never offered defendant a plea bargain. Moreover, the two other individuals present during defendant's conversation with his trial attorney about the supposed plea bargain have a radically different recollection of the conversation. Charles Richmond, a friend of defendant, stated that counsel advised defendant that going to trial would place him at risk of a higher sentence because of changes in the scoring of the sentencing guidelines, and raise the possibility of a mandatory two-year sentence for the felony-firearm offense.[2] The letter accompanying Richmond's corrected affidavit, signed by defendant's trial attorney, also states that defendant rejected the plea bargain because he did not want to serve any time in prison.

Because of the unusual factual circumstances surrounding the plea bargain in this case, and because both parties request an evidentiary hearing to develop a factual record on this

---

[2] Though Richmond initially signed an affidavit—prepared by defendant—that supported defendant's recollection of the plea-bargain discussion, Richmond subsequently submitted a revised affidavit that "clarified" his earlier assertions so that they no longer comported with defendant's.

matter, we remand for an evidentiary hearing, limited to the sole issue of whether defendant's attorney gave him effective assistance during the plea negotiations.

## B. OTHER ISSUES

Defendant also argues that his trial attorney gave him ineffective assistance when the attorney did not: (1) object to alleged jury misconduct; (2) call certain character witnesses defendant included on his witness list; (3) submit a diagram of his ex-wife's apartment; (4) pursue an insanity defense; and (5) object when the trial court counted a for-cause disqualification as one of defendant's peremptory challenges.

These claims are both frivolous and unsupported.[3] The only claims that warrant extended discussion are those involving defendant's witness list and the disqualification of a juror. Defendant has provided nothing to indicate how these witnesses would have testified, or why their testimony would have been considered credible or relevant. Without this information, it is impossible for defendant to show that his trial attorney's performance "fell below an objective standard of reasonableness" for not calling the witnesses, or that the outcome of his trial would have been different had counsel called the witnesses. *Vaughn*, 491 Mich at 669 (citation omitted). Nor has defendant explained how trial counsel's decision to not call these witnesses was not "sound trial strategy." *Davis*, 250 Mich App at 368.

In a similar vein, defendant fails to provide citation to the incident when the trial court supposedly erred in labeling a juror that was removed for cause as being removed from one of defendant's peremptory challenges. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . ." *People v*

---

[3] For instance, defendant's assertion of "jury misconduct" involves a supposed brief exchange between his ex-wife and former sister-in-law, and two members of the jury. Assuming that the exchange actually occurred, trial counsel may have felt, as a matter of strategy, that it was not wise to alert the trial court to an innocuous greeting between the victims and two jurors. Needless to say, defendant has failed to show that counsel's performance "fell below an objective standard of reasonableness," much less that the outcome of his trial would have been different had counsel objected to this alleged instance of "jury misconduct." *Vaughn*, 491 Mich at 669 (citation omitted).

Equally absurd is defendant's claim that his trial attorney should have investigated defendant's mental health and called expert witnesses to testify that defendant suffers from insanity. Defendant does not identify which witnesses would have testified or include any affidavits from them, much less present any evidence that an insanity defense would have been viable. See *Id*. Furthermore, because defendant was voluntarily under the influence of alcohol at the time of the incident, it is unlikely he could pursue or support an insanity defense.

Likewise, defendant fails to explain how a diagram of his ex-wife's apartment would have created a "reasonable probability" of acquittal, or how the fact that his attorney did not submit such a diagram "fell below an objective standard" of performance. *Id*.

*Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) (citation and quotation marks omitted).[4] Nor has defendant demonstrated that counsel's decision not to object to this supposed error affected the outcome of his proceedings. *Vaughn*, 491 Mich at 669 (citation omitted).

### 3. OV 13

MCL 777.43(1) states that OV 13 addresses a "continuing pattern of criminal behavior." A court may score 25 points under the offense variable when "the offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). When it determines the appropriate score under the offense variable, a court may consider "all crimes within a 5-year period, including the sentencing offense . . . regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). See also *People v Francisco*, 474 Mich 82, 86–87; 711 NW2d 44 (2006).

Here, the trial court properly scored 25 points against defendant pursuant to MCL 777.43(1)(c), on the basis of his three concurrent convictions for crimes against a person (the home invasion and two felonious assaults).[5] See *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001) (holding that four concurrent convictions, arising out of a series of incidents in a single day, permitted the trial court to score OV 13 at 25 points). Because the trial court did not err when it scored 25 points against defendant under OV 13, his trial counsel did not render ineffective assistance. See *Ericksen*, 288 Mich App at 201.

### IV. CONCLUSION

Accordingly, we remand for an evidentiary hearing, limited to the sole issue of whether defendant's attorney gave him effective assistance during the plea negotiations. Defendant's remaining claims for ineffective assistance of counsel are frivolous, and the trial court is not permitted to consider them during the evidentiary hearing. We retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray

---

[4] In any event, the record contains no indication that defendant was deprived of his peremptory challenges—he was entitled to five challenges, and he received five challenges. MCR 6.412(E)(1).

[5] See *People v Jackson*, 291 Mich App 644, 649; 805 NW2d 463 (2011), abrogated in part on other grounds by *People v Bonilla-Machado*, 489 Mich 412 (2011) and *People v Pearson*, 490 Mich 984 (2012) ("[a] home invasion is a crime against a person").

# Court of Appeals, State of Michigan

## ORDER

People of the State of Michigan v Jerry Lee Watson

Docket No.     320328

LC No.      12-004730-FH

Mark T. Boonstra
Presiding Judge

Henry William Saad

Christopher M. Murray
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand for holding of an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d (1973) that will develop the factual record on the advice given by defendant's trial attorney on the plea bargain that was purportedly offered to defendant. The proceedings on remand are limited to this issue alone, because defendant's claims on all other matters, including his other claims for ineffective assistance of counsel, are frivolous and have been rejected in the accompanying opinion.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

MAY 28 2015

_____
Date

_____
Chief Clerk